**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK A. HOLUM, an individual, | No. 09-35496 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00081-EFS |
| v. | |
| EXTENDICARE HOMES, INC., a corporation; EXTENDICARE HEALTH SERVICES, INC, a corporation; EXTENDICARE HEALTH FACILITIES, INC., a corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted April 9, 2010[**]
Seattle, Washington

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mark Holum appeals summary judgment in favor of his employer, Extendcare Homes, Inc. ("Extendcare"). Holum, a registered nurse, seeks to recover for injuries he received when a patient at a skilled nursing facility assaulted him at work. Holum contends that he tendered a triable issue under Washington law whether Extendcare acted with deliberate intent to injure him, and that the district court erred in striking statements from the record and in failing to certify a question to the Washington Supreme Court. We affirm.

The district court did not err in granting summary judgment for Extendcare. Washington's Industrial Insurance Act generally precludes employee recovery outside of the workers' compensation scheme for on-the-job injuries, Wash. Rev. Code § 51.04.010, with an exception permitting tort recovery "[i]f injury results to a worker from the deliberate intention of his or her employer to produce such injury," Wash. Rev. Code § 51.24.020. An employer acts with deliberate intention if "the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." *Birklid v. Boeing Co.*, 904 P.2d 278, 285 (Wash. 1995). Here, viewing the evidence in the light most favorable to Holum, nursing staff had warned Extendcare management that mentally ill residents posed a danger to residents and staff, and the patient who assaulted Holum had exhibited violent behavior on three prior occasions. That evidence establishes only that

2

Extendcare knew about a risk of injury; it does not suggest that it knew an injury was certain to occur. *See Vallandigham v. Clover Park Sch. Dist. No. 400*, 109 P.3d 805, 811 (Wash. 2005) ("Disregard of a *risk* of injury is not sufficient to meet the first *Birklid* prong; *certainty* of actual harm must be known and ignored"). Summary judgment was therefore proper.

Nor did the district court abuse its discretion in striking portions of three registered nurses' statements. When reviewing evidentiary rulings in the context of summary judgment motions, "we must affirm the district court unless its evidentiary ruling was manifestly erroneous *and* prejudicial." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). Here, however, the ruling was neither. Holum argues that the nurses' professional qualifications justify their statements, but those qualifications do not obviate the need to comply with the rules of evidence. Moreover, because the stricken statements would not be enough to overcome Extendcare's summary judgment motion, the ruling was not prejudicial. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment").

Finally, the district court did not err in declining to certify a question to the Washington Supreme Court. Holum argues that it is unclear whether Washington

3

law requires an analysis of whether workers had options to reduce the risk of injury. Washington law, however, is sufficiently clear, and the district court did not abuse its discretion in resolving the issues without resort to certification.

AFFIRMED.